# United States Court of Appeals
## For the First Circuit

_____

No. 00-2157

JAIME GUILLEMARD-NOBLE,

Plaintiff,

v.

CARLOS SANCHEZ-RODRIGUEZ, ET AL.,

Defendants.

_____

ANTILLES INSURANCE COMPANY,

Defendant, Appellee,

HORACIO CAMPOLIETO, ET AL.,

Defendants, Appellants.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

_____

Before

Torruella, Selya and Lynch, Circuit Judges.

_____

Demetrio Fernandez and Melva A. Quintana on brief for appellants.

Herman W. Colberg on brief for appellee.

_____

September 27, 2001
_____

**LYNCH, Circuit Judge**. This is an insurance coverage dispute, governed by Puerto Rican law, under a Comprehensive General Liability policy. Antilles Insurance Company denied coverage to a claim asserted by its insureds, C.B. Import Transamerica Corporation and Horacio Campolieto. The insureds owned other property, on which they began construction of a new building, apart from their principal place of business. An automobile accident occurred in connection with construction-related excavation at this other property and the insureds were held liable to the injured party. Under their CGL policy, the insureds sought to recover from Antilles a sum equal to their obligations to the accident victim. Antilles denied the claim for a variety of reasons, most of which amounted to the proposition that the CGL policy's coverage did not extend to the property on which the automobile accident occurred.

The district court denied Antilles's motion for summary judgment, finding there was a material dispute of fact as to the extent of coverage. After an evidentiary hearing, the district court decided the coverage issue against the insureds, who appeal.

The insureds concede they represented in their "Common Policy Declarations," as they stood on the date of the accident, that their only business was "Automobile Accessories Parts Distributor" and that "all premises" owned, rented, or occupied by them were at the Edificio Manuel del Valle and Centro Industrial Corujo. No notice was given to

the insurer until after the accident, by Endorsement No. 13, that the premises on which the accident occurred had been acquired by the insureds after the initial date of the CGL policy. The premises on which there was construction were intended to be used for a business other than the automobile parts business. When the premises were added post-accident by Endorsement No. 13, the insureds paid an additional premium.

The insureds' theory is that premises not described by the insureds in their declarations nonetheless are within the coverage of the CGL policy because a CGL policy "provides coverage automatically for any new premises or hazards which develop during the policy period." A citation given by the insureds to support this assertion is P. Gordis and E. Chlanda, Property and Casualty Insurance 445 (27th ed. 1982). Gordis and Chlanda say "[t]he insured is not required to give any notice of such new hazards" and state that a CGL policy will "cover automatically any other property . . . ." While it is arguable this commentary supports the insureds' proposition, an authoritative precedent under Puerto Rican law defeats coverage. Stokes v. Serrano-Lecaroz, 98 TSPR 49 (1998), held that a country club's CGL policy did not cover risks arising out of its marina operation because the marina was a different business, not mentioned anywhere in the insured's CGL policy, and the declarations page described the country club business.

The district court made factual findings, after hearing

-4-

testimony from the parties, that the reasonable understanding of the CGL coverage was that it did not extend to an undescribed premises not associated with the business described on the declarations page. The district court also made factual determinations, including a determination that the insureds' argument that an audit by the insurer would have picked up the additional premises was simply incorrect. The district court also reasoned that there would have been an adjustment in premiums if additional premises or a new business were added. We cannot say those factual findings were clearly erroneous. We have considered the insureds' additional arguments; they are without merit.

Affirmed. Costs to appellee.